### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

### COUNTY OF SULLIVAN, APRIL TERM,

### A. D. 1830.

## DANIEL PUTNEY *versus* JOHN CRAM.

In an action of covenant broken, if the summons, left with the defendant in the service of the writ, does not set forth what sum in damages is demanded, and for what, it is a good cause to abate the writ.

THIS was an action of covenant broken. The declaration alleged that the defendant, on the 2d January, 1815, by his deed of that date, in consideration of $300, bargained and sold to the plaintiff, a certain tract of land in Unity, bounded, &c. and by the same deed, covenanted with the plaintiff, that at the time of the delivery of the deed, he, the defendant, was the lawful owner of the premises, seized and possessed thereof in his own right in fee simple, and had, in himself, full power and lawful authority to grant and convey the same, and would warrant and defend the same to the plaintiff against all claims, and that the plaintiff might possess and enjoy the same free of all incumbrances. The breaches of these covenants were assigned, in substance, as follows :—that Cram, at

the time of the delivery of the deed, was not seized in fee ; and had not good right and lawful authority to sell and convey, and that the plaintiff could not lawfully possess and enjoy, the premises, free of all incumbrances, to the damage of the plaintiff $800,

The defendant craved oyer of the writ, and prayed that the summons which had been given to him in the service of the writ might be enrolled, which was as follows :

*THE STATE OF NEW-HAMPSHIRE.*

*Sullivan,* ss.

To JOHN CRAM, &c.

We command you, that you appear, &c. to answer to Daniel Putney &c. in a plea of covenant broken, for not fulfilling the covenants contained in your deed to him, the said Putney, bearing date the 2d January, 1815, wherein, for the consideration of $300, you covenanted to sell and convey the land therein described, to him, the said Putney, free of all incumbrances, of which he has been dispossessed, and thereby sustained damage to the value of $800, &c. Witness, &c.

B. B. FRENCH, *Clerk.*

The defendant then prayed judgment of the writ, because the said summons did not give him, briefly, the same information which the declaration gave more at large, nor contain the substance of the declaration ; but was defective in this, that it did not give any description of the land conveyed, nor set forth that any lands were conveyed by the deed, nor state, that the deed contained the covenants mentioned in the declaration, nor set forth the breaches assigned in the declaration.

To this plea the plaintiff demurred, and the defendant joined in demurrer.

*Holton,* for the plaintiff.

*Parker,* for the defendant.

*By the court.* The plea in this case is founded upon the 11th section of the statute of January 2, 1829, which en-

Putney
v.
Cram.

acts, that all summonses left with defendants when writs are served in actions of covenant, shall set forth " what sum in damages is demanded, and for what." The first question is, whether the summons in this case was defective in this respect? On this question there is no doubt. The damages claimed in the declaration, are for the breach of covenants, that Cram was seized in fee, that he had good right to sell, and that the plaintiff should enjoy the premises free from all incumbrances. But, in the summons, the damages are claimed, not on any of these grounds, but because the defendant covenanted to sell and convey land to the plaintiff free of all incumbrances, of which the plaintiff has been dispossessed. The damages are therefore stated in the summons to be demanded for the breach of a covenant altogether different from any covenant mentioned in the declaration. The summons is then defective in not stating for what the damages are demanded in the declaration, as required by the express terms of the statute.

The only remaining question is, whether this defect is in law a sufficient cause to abate the writ? It has been decided, that it was a good cause to abate a writ, that no summons had been left with the defendant for his appearance at the time and place, when and where the writ was returnable. *Nelson* v. *Swett*, Grafton, November, 1827.

It is declared expressly in the same section of the statute upon which this plea is founded, that unless the officer, who leaves the summons, shall endorse his name upon the back of the summons, before he leaves it, the writ shall abate. And it is believed to have been very generally understood among the members of the bar, that if any thing was omitted in the summons, which the statute required to be inserted, it was a good cause to abate the writ. We have known many pleas in abatement for defects in summonses, but do not recollect any case in which it was ever made a question, whether a writ might

be abated for that cause.    The question comes to this, can a summons, which does not contain what the statute requires, be adjudged to be a legal summons ?    If it cannot, the question is settled, for a summons which is not legal is as no summons.    And it seems to us, that it will be difficult to maintain, that a summons with such a defect is a legal summons, and we are of opinion that the plea must be adjudged sufficient.